OPINION of the Court,
by Judge Lot.an.
— Then ¡s an action of covenant founded on a bond for the con-vevance ot land, which contains the iohowing provision, that “ if the said Davis,” the obligor, ‘k should lose the said land by prior claim or otherwise, that then the stud Davis shall give the said Hall,” the obligee, “ other land equal to that on the waters of Hinkston, and pay him for }¡¡s improvement in land or property,”
The declaration contains the proper averments with respect to the loss of said land, and a failure to give ot^er land, &c. And on the trial of the cause, the then plaintiff offered evidence of the value of the land at the time of eviction, to which evidence the defendant objected ; but the court having overruled his objection, and admitted the evidence logo to the jury, he filed his exceptions to the opinion of the court ; and now brings the question before .this court relative to the proper measure of damages, under a just construction, of the writing.
The principle has been settled in favor of the rule for ascertaining the amount of damages upon general warranties, &c. according to the value of the land at the t'lme Qjf contract, (a) to be ascertained by the consideration given with interest, &c. where that cao be snewn.
But whether this case presents any peculiarities i* the contract, which differ it from those decided so maten-, ally as to require a different rule for its government, is an inquiry proper to be made.
The special terms agreed on in this contract, seem rather to have provided the mode than the amount of compensation to be given, if the land should be lost. But it simply furnishes a claim for land ; and upon a failure to convey it, the measure of damages is the same as if this land had been bargained for in the first instance. The consideration for the lost land, is the consideration to a demand for other land equal to that on the waters of Ilickston ; and therefore in point of damages, leaves the obligee with the same measure as a failure to convey, or the loss of the first did. Or in another view the lost land is the consideration of a claim to the land on Hinkston equal to that lost. Now *591 the failure to satisfy this claim ought to be measured by the amount of damages produced'in the loss of the first, as its real consideration, agreeably to the doctrine as settled with respect to the measure of damages for failure to convey land, or the loss thereof under covenants of general warrant}-.
Judgment reversed, and cause remanded for a ne#6 trial, etc.

 Vide Cox vs. Strode's b' rs ante p. 273.